IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under |
| | ) | Chapter 7 |
| CHEMETCO, INC., | ) | |
| | ) | BK 01-34066 |
| DEBTOR. | ) | |
| | ) | |
| LAURA K. GRANDY, TRUSTEE, | ) | |
| | ) | |
| PLAINTIFF(S), | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| KIENSTRA, INC., | ) | ADVERSARY NO. 03- |
| | ) | |
| DEFENDANT(S). | ) | |

## COMPLAINT

COMES NOW Laura K. Grandy, the Trustee of the Bankruptcy Estate of Chemetco, Inc., by her attorneys, Mathis, Marifian, Richter & Grandy, Ltd., and for her complaint against Defendant, Kienstra, Inc., states as follows:

1. On November 13, 2001, Chemetco, Inc. (the Debtor) filed a voluntary Petition pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Illinois.

2. Laura K. Grandy is the duly appointed Trustee of the Bankruptcy Estate of Chemetco, Inc.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§544, 547, and 550.

4. This is a "core" proceeding within the meaning of 28 U.S.C. §157(b)(2).

- 1 -

## COUNT I – PREFERENTIAL TRANSFER

1. The debtor made the following transfers to Defendant on the dates described below:

| Check No. | Date | Amount |
|---|---|---|
| 121761 | 9/6/2001 | $ 3,051.83 |
| 122071 | 10/12/2001 | $ 4,210.20 |
|  |  | $ 7,262.03 |

2. In addition to the transfers identified in Paragraph 1, the Trustee seeks to recover any additional transfers by Debtor to Defendant between August 15, 2001 and November 30, 2001 as may be identified by the Trustee through discovery conducted in this adversary proceeding.

3. The foregoing constitute transfers of the Estate and/or property of the debtor.

4. The foregoing transfers were made by the debtor within 90 days of the Petition date.

5. The Debtor made the foregoing transfers without receiving a reasonably equivalent value in exchange for said transfer.

6. The transfers were made for or on account of an antecedent debt owed by the Debtor before the payments were made.

7. The Debtor was insolvent at the time of the aforesaid transfers.

8. The payments / transfers enabled Defendant to receive more than it would receive if:

    (a) This case were a case under Chapter 7;

    (b) The payments had not been made;

  (c) Defendant received payment of such debt to the extent provided by the provisions of Title 11, United States Code.

9. The Trustee may avoid the aforesaid transfers pursuant to §547 of the United States Bankruptcy Code.

10. Based upon the foregoing, and upon the provisions of 11 U.S.C. §550, the Trustee may recover the value of the foregoing transfers from Defendant for the benefit of the Bankruptcy Estate.

WHEREFORE, the Trustee respectfully requests and prays that this Court enter (a) its order avoiding the transfers described above in the aggregate sum of $7,262.03, plus any additional amount which may be identified as preferential transfers, and (b) judgment in favor of the Bankruptcy Estate of Chemetco, Inc. and against Kienstra, Inc. in the sum of $7,262.03, plus any additional amount which may be identified as preferential transfers, plus costs of suit, and the Trustee further prays for such additional and further relief as the Court deems appropriate.

Dated this 8th day of November, 2003

          LAURA K. GRANDY, TRUSTEE

          By: /s/ Laura K. Grandy
           Laura K. Grandy
           Teresa A. Generous*

* Please direct all correspondence regarding this case to this attorney

Mathis, Marifian, Richter & Grandy, Ltd.
720 West Main Street, Suite 100
Belleville, Illinois  62220

(618) 234-9800

F:\WP51\LKG\TRUSTEE\Chemetco, Inc\Complaints\Preference Complaines\Individual Preference

- 5 -

Complaints\KIENSTRA.doc